UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-345-H

SAEID SHAFIZADEH                                                          PLAINTIFF

V.

JUDGE JERRY J. BOWLES
COMMONWEALTH OF KENTUCKY                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Saeid Shafizadeh, asked this Court for sweeping relief against Defendant, Jerry J. Bowles, a Jefferson Circuit Court judge who recently ruled on Plaintiff's divorce case. Defendant has moved for summary judgment on numerous well-founded grounds.

Plaintiff's complaint for relief against a sitting judge is breathtaking indeed. The complaint asks the Court to disqualify Judge Bowles from presiding on future matters against Plaintiff; asked that various of his orders be unconstitutional; asked that certain actions of his staff be declared unconstitutional; asked that his motion practice be declared unconstitutional; and alleges various other unconstitutional actions seemingly arising directly from Plaintiff's experience in Judge Bowles' court.

There are a number of sound reasons why this case should be dismissed. The Court need only discuss two of them. Many if not all of Plaintiff's complaints stem from Judge Bowles' handling of Plaintiff's divorce. Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over claims seeking relief of cases litigated and decided in state court, as only the United States Supreme Court possesses jurisdiction to correct state court judgments.

*See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). In no uncertain terms this is precisely what Plaintiff asks in this lawsuit.

Because Plaintiff clearly makes an indirect attack on the state court's prior rulings, this Court has neither the reason nor power to take any of the other actions which Plaintiff requests.

Plaintiff has also made the Commonwealth of Kentucky a party defendant. However, Plaintiff's state law claims against the Commonwealth are barred by the doctrine of sovereign immunity. Indeed, Plaintiff has all but admitted that his actual claims are against Judge Bowles and not against the Commonwealth. Absent any real allegations against the Commonwealth, it is entitled to dismissal as well.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED and all of Plaintiff's claims in this case are DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc: Counsel of Record